UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIFFANY RECINOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BOARD OF INDUSTRIAL INSURANCE APPEALS, and JUDGE TIMOTHY L. WAKENSHAW,<br><br>　　　　Defendants. | Case No. C23-05473RSM<br><br>ORDER TO SHOW CAUSE |

*Pro se* Plaintiff Tiffany Recinos was granted leave to proceed *in forma pauperis* in this matter on June 14, 2023. Dkt. #8. The Complaint has been posted on the docket. #9. Summonses have not yet been issued.

Ms. Recinos pleads the Court has jurisdiction due to the diversity of citizenship between the parties and because of a federal question. *Id*. at 2. Ms. Recinos resides in Washington State. *Id*. at 1. Defendants reside in Washington State. *Id*. at 2. The basis for federal question jurisdiction is listed as "Washington State Employment Discrimination Laws are found [sic] RCW 49.60; Title 162 Washington Administrative Code (WAC); and case law." *Id*. at 3.

This case concerns Plaintiff's employment situation and the denial of Labor and Industries ("L&I") benefits and medical benefits. She states she was "fired with no just cause"

ORDER TO SHOW CAUSE - 1

from Concerto in February 2019 and from Maxim in October of 2021. *Id*. at 4. These employers allegedly "DID NOT WANT TO PROVIDE HER WITH LABOR AND INDUSTRY PAYMENTS AND MEDIAL BENEFITS FOR THE REST OF HER LIFE." *Id*. (emphasis in original). She received no severance package. Her benefits were terminated in February of 2023 and she has received a request for repayment for an "overpayment." *Id*. She discusses the COVID-19 vaccine. She then pivots to discussing the termination of her Social Security Disability payments. She states "Backpay, and L&I/ESIS start dates need to be established immediately even with a hearing," and "Plaintiff submitted petitions for Mandamus and Certiorari Reviews that were both denied." *Id*. at 5. She discusses her frustration with certain procedures of the Board of Industrial Insurance Appeals ("BIIA"). *Id*. at 5–6.

Ms. Recinos requests in this case "$3.25 million USD, and Judge Wakenshaw to be terminated and new policies and procedures to be initiated at the BIIA to allow pro se litigants to participate in the legal process as their attorney counterparts." *Id*. at 9. She also requests an injunction ordering her prior employers "to initiate L&I payments immediately." *Id*. at 10.

Federal Rule of Civil Procedure 12(h)(3) states that the Court must dismiss an action if it determines, at any time, that it lacks subject matter jurisdiction. This issue can be raised directly by the Court without motion by a party. Federal courts are courts of limited jurisdiction, meaning that they can only hear certain types of cases. The typical bases for federal jurisdiction are established where (1) the complaint presents a federal question "arising under the Constitution, laws, or treaties of the United States" or (2) where the parties are diverse (*e.g.*, residents of different states) and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Here, the Complaint indicates the parties all reside in Washington State. The cited statutes and regulations arise under the laws of the State of Washington. The

ORDER TO SHOW CAUSE - 2

facts and requested relief indicate that Ms. Recinos is attempting to challenge the rulings of Washington State agencies. As the parties here are not diverse and the Complaint fails to present a federal question, this Court almost certainly lacks subject matter jurisdiction.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Here, Ms. Recinos has filed a federal lawsuit to challenge state agency and judicial decisions. The instant claims appear frivolous and an attempt to seek millions of dollars from a judge who is immune from such relief.

In Response to this Order, Ms. Recinos must write a short statement telling the Court: (1) why this Court has subject matter jurisdiction over this case, (2) why this case should not be dismissed as frivolous. **This Response may not exceed six double-spaced (6) pages**. Attachments or amended pleadings are not permitted. The Court will take no further action in this case until Ms. Recinos has submitted this Response.

Accordingly, the Court hereby finds and ORDERS that Ms. Recinos shall file a Response to this Order to Show Cause containing the detail above **no later than thirty (30) days from the date of this Order**. Failure to file this Response will result in case dismissal.

DATED this 15th day of June, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE - 3