1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   TIFFANY RECINOS,                         Case No. C23-05473RSM

10        Plaintiff,                          ORDER REVOKING IN FORMA
11                                            PAUPERIS STATUS ON APPEAL
          v.
12
13   BOARD OF INDUSTRIAL INSURANCE
     APPEALS, and JUDGE TIMOTHY L.
14   WAKENSHAW,
15        Defendants.
16

17        This matter comes before the Court on a referral from the Ninth Circuit to determine

18   whether in forma pauperis ("IFP") status should continue on appeal.  Dkt. #94.  *Pro se* Plaintiff

19   Tiffany Recinos was granted leave to proceed IFP in this matter on June 14, 2023.  Dkt. #8.

20        On June 26, 2023, Plaintiff's claims were dismissed as frivolous under 28 U.S.C. §

21
22   1915(e)(2)(B).  Dkt. #36.  The case was closed.  *Id.*  Plaintiff's Motion for Reconsideration was

23   denied.  Dkt. #39.  Plaintiff continued to file dozens of motions, letters, and other documents.

24   The Court issued several Minute Orders striking these improper filings.  Dkts. #41, #52, #55,

25   and #58.   The Court eventually stated, "[a]ll future motions filed in this case will be
26
     immediately stricken."  Dkt. #58.  That was on August 1, 2023.  Ms. Recinos filed 30 improper
27
28   motions, letters, and notices with the Court after that date but before her Notice of Appeal, filed

ORDER REVOKING IN FORMA PAUPERIS STATUS ON APPEAL - 1

on October 4, 2023.  *See* Docket.  An amended notice of appeal was filed four days after that.

These appeals refer back to the June 26, 2023, Order dismissing Plaintiff's claims.    Dkts. #89

and #90.

Where, as here, a party was permitted to proceed IFP in the District Court, the party

may proceed on appeal in forma pauperis without further authorization unless the District Court

certifies in writing that the appeal is not taken in good faith or that the party is not otherwise

entitled to proceed IFP.  Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(a)(3) ("An appeal may not

be taken in forma pauperis if the trial court certifies in writing that it is not taken in good

faith.").  An appeal is taken in "good faith" where it seeks review of at least one issue or claim

that is found to be "non-frivolous."  *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th

Cir. 2002).  An issue is "frivolous" where it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Legally frivolous claims are those "based on an

indisputably meritless legal theory," such as claims against defendants who are immune from

suit or for infringement of a legal interest that clearly does not exist.  *Id*. at 327.

Plaintiff's claims were dismissed after careful review of her complaint and her response

to an Order to Show Cause.  The Court concluded, and continues to conclude, that it lacks

subject matter jurisdiction over her claims, and that those claims are otherwise frivolous.  The

time for filing an appeal based on that dismissal has long since expired.  The Court's

subsequent Orders have largely been based on the Civil Rules and other procedural grounds,

and in any event the time for appealing many of those orders has also expired.  The Court

believes that any appeal of Orders in this case necessarily lacks an arguable basis in law or in

fact.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This Court cannot find that Plaintiff's appeal has been taken in good faith.  The Court maintains that, by its assessment of the Complaint, Plaintiff's appeal is clearly frivolous. Accordingly, the Court hereby FINDS AND ORDERS that Plaintiff's in forma pauperis status is REVOKED.  The Court directs the clerk to provide a copy of this Order to the Ninth Circuit.

DATED this 20th day of October, 2023.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER REVOKING IN FORMA PAUPERIS STATUS ON APPEAL - 3